PACIFIC JUSTICE INSTITUTE
HAROLD H. FRANKLIN, JR.(WSBA 20486)
TRACY TRIBBETT (WSBA #35922)
6404 THREE RIVERS DRIVE
PASCO WA 99301
(509)-713-9868
ttribbett@pji.org


Attorneys for Plaintiffs


## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON


| | |
|---|---|
| Bridget Fisher, Carolyn Sabin, Elizabeth Hampton, Katrina Roy, Brigitte Norton ) ) ) | Case No.: |
| Plaintiffs, ) ) ) | **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |
| v. ) ) | I.    Title VII -- Religious Discrimination |
| DEPARTMENT OF FINANCIAL INSTITUTIONS, and Does 1-50 ) ) ) | |
| Defendant | **JURY DEMANDED** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

`1. The Defendant has implemented a CV19 vaccination policy for all employees in accord with the Governor's Proclamation 21-14 et seq.  No accommodations for people of faith, who hold sincere religious convictions against receiving CV-19 vaccines, were allowed.  This violates the rights of workers to be free from discrimination under Title VII.

2.  By this complaint Plaintiffs seek relief from discrimination against them under Title VII, 42 USC 2000e, et seq.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it presents a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42.U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and other laws of the United States, and also pursuant to 28 U.S.C. § 1343.

4.  Plaintiffs' claims for declaratory relief and damages are authorized by 28 U.S.C. §§ 2201-2202, Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

5.  This Court has the authority to award Plaintiffs' attorneys' fees and costs associated with this action pursuant to 42 U.S.C. § 1988 and other applicable laws.

6.  Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threated to occur in this jurisdictional district and division.

## PARTIES

7.  Plaintiffs were employees of the Department of Financial Institutions each functioning in the below jobs:

   a.  Plaintiff Bridget Fisher was an employee of the Department of Financial Institutions, as an (job title).

   b.  Plaintiff Carolyn Sabin  was an employee of the Department of Financial Institutions, as an (job title).

   c.  Plaintiff Elizabeth Sabin  was an employee of the Department of Financial Institutions, as an (job title).

       d.  Plaintiff Katrina Roy  was an employee of the Department of Financial Institutions, as an (job title).

8.  Defendant, Department of Financial Institutions, is an employer and violated the right of Plaintiff to be free from discrimination.

9.  Plaintiffs are informed and believe and thereon allege that the fictitiously-named Defendants sued herein as Does 1 through 5 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiffs' damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiffs, and Plaintiffs will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 5, inclusive.

**FACTS**

10. On or about August 9, 2021, the Governor of Washington, Jay Inslee, passed Proclamation 21-14. Proclamation 21-14 requires all workers for State Agencies to subject themselves to a CV-19 vaccination or face termination from their employment, unless such worker is granted a religious or medical accommodation/exemption.

11. Proclamation 21-14 allows for religious accommodation under Title VII.

12. Proclamation 21-14 has been implemented in a manner that does not allow for the religious accommodation process to be given meaningful dialogue regarding job accommodations. The process is such that it can be deduced that denials were predetermined without due consideration for the proposed request(s).

13. Plaintiffs hold religious convictions that prevent them from taking the CV-19 vaccination.  Their beliefs are sincere and each of the Plaintiffs submitted a request for exemption which was granted. Each exemption request is incorporated in full by reference and accompanies this Complaint and marked as Exhibit 1A-D.

14. Plaintiffs request for exemption was approved, but DFI stated that Plaintiffs could not be accommodated. Each letter reads the same despite varying job functions of each Plaintiff. There appears no analysis of the

particular job requisites and how the requested accommodations (if any were allowed to be suggested) were an undue burden.  The exemption approval and accommodation denial letters are incorporated in full and attached hereto as Exhibit 2A-D.

15. Plaintiffs' request for a religious exemption was approved by  DFI and the agency did not question the sincerity of any of the Plaintiffs' sincerely held beliefs, but thereafter DFI did not attempt any engagement or discussion with Plaintiffs to determine what, if any, accommodations could be made.

16.  Thereafter, the DFI took adverse action against Plaintiffs and terminated them on the basis of their sincerely held religious belief and DFI being unable to reasonably accommodated [them]. Each Plaintiffs' letter of termination is incorporated in full and attached to this Complaint as Exhibit 3A-D.

17. DFI failed, entirely, to have a meaningful and interactive discussion regarding the job functions and potential requested accommodations.

18. Plaintiffs were denied the process of assessing the individual job functions and how any accommodation would pose an undue burden as required under Title VII.

19. As a result of the denial of the request for a religious accommodation under Title VII, the Plaintiffs were terminated from each of their jobs. This constitutes adverse employment action.

20. Plaintiffs exhausted *her* administrative remedies by timely filing a charge of discrimination, and received a "right to sue" letter from the EEOC on May 2, 2022. These letters are incorporated in full and attached to this Complaint marked as Exhibit 4A-D.

## FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII
### (42 U.S.C. § 2000e)
### (against all Defendants)

24.     Plaintiffs repeat and reallege the allegations above and incorporates those allegations herein by reference.

25.     At all times relevant herein, Plaintiffs were qualified to perform their duties as a job title.

26.     Plaintiff(s) each individually have a sincerely held religious belief against receiving a CV-19 vaccine.

27.     Plaintiff notified Defendant of [their] sincerely held religious belief by submitting a request for religious accommodation, thus engaging in actions protected by federal law.

28.     Defendant failed and refused to accommodate Plaintiffs on account of [their] religious beliefs.

29.     Defendant subjected Plaintiffs to adverse employment actions by removing them from their position and then terminating them from employment.

30.     Defendant did not meaningfully engage with Plaintiffs and discuss the request for religious accommodation under Title VII, and issued a boilerplate denial letter to each Plaintiff.

31.     Plaintiff's religious observance and need for a religious accommodation was a substantial motivating factor in Defendant's decision to terminate Plaintiffs.

32.     As a direct and proximate result of the discriminatory actions of Defendant, as alleged herein, Plaintiffs have suffered harm in the form economic and non-economic damages, plus interest thereon.

33.     Wherefore, Plaintiffs brings this claim under 42 U.S.C. § 2000€ and requests the relief set forth below in the prayer for relief.

34.     A justiciable dispute exists between the parties as to whether or not a boilerplate denial of accommodation satisfies the interactive process required by Title VII; and,

_____

35.     Whether or not it was an undue burden for Defendant to accommodate the sincerely held religious beliefs of Plaintiff(s).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs requests that the Court enter judgment in their favor, and against the Defendant, for full relief, including the following:

1. Damages as proved at trial

2. Order Defendant to make Plaintiffs whole by awarding appropriate economic damages for past and future losses in amounts to be determined at trial, including, but not limited to, lost wages, benefits, retirement, medical coverage, dental, and vision insurance.

3. Order Defendants to make Plaintiffs whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

4. Attorney's fees and costs.

5. Pre-judgment interest on damages.

6. Other relief as deemed appropriate by the court

7.  Declaratory relief that Defendant violated Title VII and denied the

Plaintiffs due process under the law in the accommodation process.

Dated December 20, 2022

/s/Harold H. Franklin, Jr,
Harold H. Franklin, Jr. WSBA #20486
Tracy Tribbett WSBA #35922