1

2

3               UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
4                         AT TACOMA

5    BRIDGET FISHER, et al.,

6                        Plaintiff,

7          v.                                    C22-5991 TSZ

8    DEPARTMENT OF FINANCIAL                     ORDER
     INSTITUTIONS, et al.,
9
                        Defendant.
10

11         THIS MATTER comes before the Court on Defendant Department of Financial

12  Institutions' motion to dismiss the amended complaint, docket no. 19.  Having reviewed

13  all papers filed in support of, and in opposition to, the motion, the Court enters the

14  following order.

15  **Background**

16         Plaintiffs were employees of Defendant Department of Financial Institutions.[1]

17  Am. Compl. at ¶ 7 (docket no. 10).  As part of the State of Washington's response to the

18  COVID-19 pandemic, Governor Jay Inslee issued Proclamation 21-14 on or around

19  August 9, 2021.  *Id.* at ¶ 10.  Absent a religious or medical exemption, Proclamation 21-

20

21  _____

22  [1]      Absent further specification, any references to Defendant are references to Defendant Department
     of Financial Institutions.

23

ORDER - 1

14 required all state employees to be vaccinated against COVID-19 or face termination. *Id.* at ¶¶ 10–11.  Plaintiffs allege that they each hold religious beliefs that preclude them from being vaccinated against COVID-19.  *Id.* at ¶ 13.  Plaintiffs claim that they each requested, and were approved for, religious exemptions to the COVID-19 vaccination requirement.  *Id.* at ¶¶ 13–14.  They allege, however, that Defendant refused to engage in any efforts to craft reasonable accommodations based on their religious exemptions.  *Id.* at ¶¶ 14–15, 17–18.  Plaintiffs allege that, consequently, they were terminated from their employment with Defendant.  *Id.* at ¶¶ 16, 19.

Plaintiffs further allege they exhausted their administrative remedies prior to bringing this case.  *Id.* at ¶¶ 20–21.  Plaintiffs allege they timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and subsequently received "right to sue" letters.  *Id.* at ¶ 20.  Plaintiffs also allege that they filed claims for damages with the Washington Department of Enterprise Services and that more than sixty (60) days elapsed between then and the filing of this case without any adjustment to their claims.  *Id.* at ¶ 21.  Plaintiffs now bring claims for failure to accommodate their religious beliefs against Defendant Department of Financial Institutions and several Doe defendants under Title VII, 42 U.S.C. § 2000e *et seq.*, and under the Washington Law Against Discrimination ("WLAD"), RCW 49.60.030.  *Id.* at ¶¶ 2, 31–33, 35–38.[2]

---

[2]     "Generally, 'Doe' pleading is improper in federal court."  *McMillan v. Dep't of the Interior*, 907 F. Supp. 322, 328 (D. Nev. 1995) (citing *Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988)); *accord Quinn v. Cnty. of Monterey*, No. 15-cv-03383, 2016 WL 344714, at *1 n.1 (N.D. Cal. Jan. 28, 2016); *see also Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) ("If there are

ORDER - 2

1  **<u>Discussion</u>**

2  **1)      Rule 12(b)(6)/Rule 8(a) Standards**

3        Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not

4  provide detailed factual allegations, it must offer "more than labels and conclusions" and

5  contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl.*

6  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than

7  mere speculation of a right to relief.  *Id.*  A complaint may be lacking for one of two

8  reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a

9  cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

10  Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the

11  plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v.*

12  *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is

13  whether the facts in the complaint sufficiently state a "plausible" ground for relief.

14  *Twombly*, 550 U.S. at 570.  The need for plausibility reflects Rule 8(a)(2)'s threshold

15  requirement that a complaint contain "a short and plain statement of the claim showing

16  that the pleader is entitled to relief."  *Id.* at 557.  If the Court dismisses the complaint or

17  portions thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203

18  F.3d 1122, 1130 (9th Cir. 2000).

19

20  ───────────────

21  unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is
    unnecessary and improper to include 'Doe' parties in the pleadings.").  To the extent that Plaintiffs intend
    to bring claims against Does 1–50 in their individual capacities, Plaintiffs must identify these defendants

22  with particularity.  Accordingly, Plaintiffs' claims against Does 1–50 are DISMISSED without prejudice.

23

1   **2)      Plaintiffs' Complaint States Claims for Relief Under Title VII and the WLAD**

2               Defendant submits that Plaintiffs fail to allege sufficient facts to support either a

3   Title VII or WLAD failure to accommodate claim.  To plead a WLAD failure to

4   accommodate claim, Plaintiffs must plausibly allege substantially the same elements as a

5   Title VII failure to accommodate claim.  *See Kumar v. Gate Gourmet, Inc.*, 180 Wn.2d

6   481, 501; 325 P.3d 193 (2014) (en banc).  To successfully plead a Title VII failure to

7   accommodate claim, Plaintiffs "must plausibly allege that (1) [they] had a bona fide

8   religious belief, the practice of which conflicts with an employment duty; (2) [they]

9   informed [their] employer of the belief and conflict; and (3) the employer discharged,

10  threatened, or otherwise subjected [them] to an adverse employment action because of

11  [their] inability to fulfill the job requirement."  *Grubbs v. Arizona*, No. CV-20-02369,

12  2021 WL 4552419, at *4 (D. Ariz. Oct. 5, 2021) (quoting *Peterson v. Hewlett-Packard*

13  *Co.*, 358 F.3d 599, 606 (9th Cir. 2004)).  The parties' dispute centers around whether

14  Plaintiffs have alleged bona fide religious beliefs and whether they have alleged giving

15  Defendants notice of such beliefs.

16  a.      Plaintiffs sufficiently plead the first element of a failure to accommodate claim.

17  *1.*      Plaintiffs Fisher and Hampton plausibly allege conflicts with their bona fide

18  religious beliefs.  Plaintiff Fisher notified Defendant that "[t]he Catholic Church teaches

19  that [she] may be required to refuse a medical intervention, including a vaccination, if

20  [her] informed conscience comes to this judgment" and that "[t]he Covid-19 vaccines

21  conflict with [her] religious beliefs because [she] oppose[s] vaccines that interfere with

22  the function of the human immune system which God created."  Ex. 1 at 3 (docket no. 1-

23

ORDER - 4

1)[3]  Plaintiff Hampton, in a letter containing several references to the Bible, notified

Defendant that she "strongly believe[s] that God has created [her] with an immune

system that, if taken care of as God would have us, will fight off any viruses that [she

may] face and thereafter give [her] strong natural immunity." *Id.* at 8.  These

submissions are enough to show Defendant knew of conflicts with Plaintiffs Fisher's and

Hampton's bona fide religious beliefs.

2.       Plaintiff Sabin is a closer call.  Nevertheless, "the burden to allege a conflict with

religious beliefs is fairly minimal." *Bolden-Hardge v. Off. of the Cal. State Controller*,

63 F.4th 1215, 1223 (9th Cir. 2023) (citing *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*,

450 U.S 707, 715 (1981)).  Plaintiff Sabin's notice to Defendant that her body is "the

craftmanship of [her] Creator" which her "Creator has granted [her] sole possession,

propietorship [sic], and use of" sufficiently identifies a religious belief.  Ex. 1 at 6.

Considering the minimal burden required, Plaintiff Sabin has plausibly alleged a conflict

with a bona fide religious belief.  *See Kather v. Asante Health System*, No. 1:22-cv-

01842, 2023 WL 4865533, at *4–5 (D.Or. July 28, 2023) (concluding that multiple

plaintiffs sufficiently pled a bona fide religious belief, including a plaintiff who alleged

that "'Satan is at work with the whole forceful COVID-19 mandate'" and that she had the

---

[3]       Defendant argues that the Court cannot consider the exhibits referenced in Plaintiffs' original complaint because the exhibits were not refiled with the amended complaint.  Plaintiffs respond that this was an inadvertent failure and submit a LCR 7(a) motion for leave to file a praecipe to their amended complaint attaching the exhibits.  The Court has reviewed the exhibits and concludes that they are material, and that fairness dictates their consideration.  Accordingly, the Court GRANTS Plaintiffs' request and will consider Exhibits 1-4 as if they are fully incorporated into the amended complaint.

ORDER - 5

"'God-given right to refuse a vaccination that goes against everything she believed in'" (internal citations omitted)).

3.     Plaintiffs Roy and Norton fail to carry the minimal burden of alleging a conflict with their bona fide religious beliefs.  Plaintiff Roy merely checked a box on Defendant's exemption request form indicating that she has a sincerely held religious belief but provides nothing further.  Ex. 1 at 10.  Plaintiff Norton alludes to her religious beliefs, but never actually identifies any religious belief precluding her from taking the COVID-19 vaccine.  *Id.* at 11–15.  Absent more, such minimal references are insufficient to plead a bona fide religious belief.  *See Kather*, 2023 WL 4865533, at *5 (dismissing Title VII claims that contained only a "threadbare reference to religious beliefs").

b.     Plaintiffs sufficiently plead the second element of a failure to accommodate claim.

Plaintiffs allege that they "submitted a request for exemption," that they "notified Defendant[] of their sincerely held religious belief by submitting a request for a religious accommodation," and that they "put the Defendant[] on notice that they had a sincerely held religious beliefs [sic] which conflicted with the vaccination policy/requirement of their employer."  Am. Compl. at ¶¶ 13, 25, 36.  Defendant contends the notice was insufficient.

The cases Defendant cites to support dismissal are unpersuasive.  In *Beuca v. Washington State University*, although the plaintiff "allege[d] he 'apprised the Defendants of his sincerely held religious belief," it was not clear "whether Plaintiff submitted a religious exemption request to Defendant."  *Beuca v. Wash. State Univ.*, No. 2:23-CV-0069, 2023 WL 3575503, at *3 (E.D. Wash. May 19, 2023), *appeal docketed*,

No. 23-35395 (9th Cir).  In *Marte v. Montefiore Med. Center*, the plaintiff alleged that

she requested an exemption to a COVID-19 vaccination requirement.  *Marte v.*

*Montefiore Med. Center*, No. 22-CV-03491, 2023 WL 7059182, at *4 (S.D.N.Y. Oct. 12,

2022).  However, the *Marte* plaintiff failed to allege that she notified her employer that

her objection was based on her religious beliefs.  *Id.*  Plaintiffs need only allege that they

notified their employer of their religious beliefs.  Their allegations that they each

submitted a request for a religious accommodation are, therefore, sufficient.

**3)    Plaintiffs' Title VII Claims are not Time Barred**

        Defendant further submits that Plaintiffs' amended complaint must be dismissed

because they failed to timely file this case after receiving their "right to sue" letters from

the EEOC.  Under Title VII, if the EEOC declines to bring charges, a plaintiff must file

suit within ninety days of receiving a "right to sue" letter.  *See* 42 U.S.C. § 2000e-5(f)(1).

Exhibit 4 to Plaintiffs' amended complaint establishes that Plaintiffs filed this case within

the mandatory timeframe.  Plaintiffs' "right to sue" letters were issued on September 22,

2022.  Ex. 4 at 2, 4, 6, 8, 10.  This case was filed on December 20, 2022.  Plaintiffs suit

was filed eighty-nine (89) days after they received their "right to sue" letters and their

claims are not time barred.

**<u>Conclusion</u>**

        For the foregoing reasons, the Court ORDERS:

        (1)    Defendant's motion to dismiss the amended complaint, docket no. 19, is

               GRANTED in part and DENIED in part.  Defendant's motion is

               GRANTED as to the claims against Does 1–50.  Defendant's motion is

1    further GRANTED as to Plaintiffs Roy's and Norton's claims.  The claims

2    against Does 1–50 and Plaintiffs Roy's and Norton's claims are

3    DISMISSED without prejudice to leave to amend.  Defendant's motion is

4    DENIED as to all remaining claims.

5    (2)    Any second amended complaint must be filed within twenty-one (21) days

6    of the date of entry of this Order.  Defendant must answer or otherwise

7    respond to any second amended complaint within fourteen (14) days of the

8    second amended complaint's filing.

9    (3)    Plaintiffs are directed to file a praecipe properly attaching Exhibits 1–4 to

10    the pleading.

11    (4)    The Clerk is directed to send a copy of this Order to all counsel of record.

12    IT IS SO ORDERED.

13    Dated this 2nd day of October, 2023.

15    *[signature: Thomas S. Zilly]*

16    Thomas S. Zilly
United States District Judge

ORDER - 8